

# NUMBER 13-06-00377-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ROSA HERNANDEZ, **Appellant,**

**v.**

CITY OF MCALLEN, **Appellee.**

## On appeal from the 92nd District Court of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Yañez, Rodriguez, and Garza**
**Memorandum Opinion by Justice Yañez**

Appellant, Rosa Hernandez, challenges the trial court's dismissal of her lawsuit

against appellee, the City of McAllen ("the City"). We affirm.

### I. Background

Appellant sued the City, alleging theories of premises defect and special defect.

Appellant's claims arose from injuries sustained when she stepped onto a concrete drainage box cover, which gave way, causing her to fall into the drainage box. In February 2004, the City filed a plea to the jurisdiction, contending that it was entitled to sovereign immunity because the City's alleged negligent acts concerning the design and construction of the drainage box cover are discretionary acts.[1] The trial court denied the City's plea. The City appealed; this Court sustained the City's issue and reversed and remanded, holding that the City's immunity had not been waived because the design of the drainage box and the implementation of drainage cover were discretionary acts.[2] On remand, the City filed a motion to dismiss, noting that this Court's opinion was dispositive and the Texas Supreme Court had denied review.

Hernandez filed an amended petition, in which she attempted to recharacterize her claims as negligent implementation of the City's policy and negligent maintenance of the drainage box cover. At a hearing on the motion to dismiss, the City argued that this Court's prior opinion is dispositive of Hernandez's claims because it held that implementation of the drainage box cover was also a discretionary act.[3] On March 30, 2006, the trial court granted the City's motion to dismiss. This appeal ensued.

## II. Discussion

Hernandez contends the trial court erred in dismissing her case because it failed to distinguish between discretionary actions taken at the policy-making level and actions

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.056(2) (Vernon 2005) (providing that claims based on the performance or nonperformance of an act left to the discretion of a governmental unit are exempted from the waiver of immunity under the Tort Claims Act).

[2] *City of McAllen v. Hernandez*, No. 13-04-182-CV, 2005 Tex. App. LEXIS 6786, at *19 (Tex. App.–Corpus Christi Aug. 22, 2005, pet. denied) (mem. op.).

[3] *See id.*

2

taken in the implementation of policy.  In its brief, the City argues:

> There is nothing new in this appeal except for the Plaintiff/Appellant's attempt to recharacterize the cause of action into a "negligent implementation of policy" cause of action. . . .
>
> The true nature of Plaintiff/Appellant's appeal is to ask the new panel of this Court to find that the prior panel of Justices who decided this case was wrong.  Her arguments have already been considered by this Court, and this Court has already held that Mr. Tabor's[4] decision to redesign that particular inlet was a discretionary act, and that his redesign of the lid was also a discretionary act.  The Plaintiff/Appellant just will not accept this Court's decision.

In this Court's prior opinion, we stated:

> Whether an act is discretionary is a question of law.  Under section 101.056, claims based on the performance or nonperformance of an act left to the discretion of the governmental unit are exempted from the waiver of immunity under the Act.  An act is discretionary if it requires exercising judgment and the law does not dictate performing the act with such precision that nothing is left to discretion or judgment.  Immunity is not waived in premises defect suits based on discretionary acts.  Design decisions are considered discretionary acts.
>
> A governmental entity's discretion in the design of roadways is protected from liability by section 101.056(2) of the Tort Claims Act.  The design of a roadway drainage system is likewise a discretionary act.  The decision whether or not to put safety features such as barriers and guardrails in place is also a discretionary decision.
>
> 4. Conclusion
>
> The drainage box in question constituted part of the City's drainage system, which in turn is part of the City's road system, the design of which constitutes a discretionary act.  As the design was a discretionary act, the City's immunity has not been waived in this instance. *The implementation of the drainage cover was also a discretionary action on the part of the City*.  As such, the City's immunity has also not been waived in this instance.[5]

---

[4] The reference is to James Tabor, then manager of the Streets and Drainage Department for the City of McAllen.

[5] *Hernandez*, 2005 Tex. App. LEXIS 6786 at **18-19 (emphasis added) (citations and footnotes omitted).

3

We agree with the City that our prior opinion rejected appellant's claim of "negligent implementation" of the City's policy. We decline to depart from our prior holding.

The City has also filed with this Court a "Motion to Dismiss and for Sanctions," arguing that this Court should sanction appellant and her attorneys in the amount of $3,500 "for the costs the City has had to incur in the continued litigation of this case after this Court's mandate."[6] The City's motion contends that "[t]his is obviously a frivolous appeal" that has "caused an unnecessary expense of tax dollars in the City's defense." The City does not cite to any rule or other authority in support of its request for sanctions. We deny the City's request for sanctions as inadequately briefed.[7]

### III. Conclusion

We affirm the trial court's order dismissing appellant's suit. We deny the City's request for sanctions, and otherwise deny the City's motions to dismiss as moot.

_____
LINDA REYNA YAÑEZ,
Justice

Memorandum Opinion delivered and
filed this the 31st day of July, 2008.

---

[6] The City also filed a second motion to dismiss, requesting dismissal and recovery of its costs.

[7] *See* TEX. R. APP. P. 38.1(h).